## WYLLIE v. MATTHEWS.

1. **Specific Performance**: CONVEYANCE OF REAL ESTATE: TENDER.
   Plaintiff obtained of defendant $100, and at the same time executed to him a deed of the premises in controversy, defendant also, at the same time, executing an agreement to deed back the premises upon the payment, on or before a certain day, of $105 and the value of all improvements placed on the premises. Before the day fixed, plaintiff tendered the defendant $105, and demanded a deed, which was refused. Defendant had paid taxes and made improvements, as to the value of which the parties could not agree. *Held* that the tender of $105 was not sufficient, being nothing for the improvements, but that, since defendant was in fault in not disclosing more accurately the amount of the improvements, the Circuit Court rightly decreed that the plaintiff have ninety days in which to pay the $105 and the value of the improvements as found by the court, and that, upon such payment, defendant should execute to him a deed for the property, and that each party should pay his own costs.

*Appeal from Lee Circuit Court.*

SATURDAY, DECEMBER 9.

ACTION in equity to redeem certain real estate from an alleged mortgage. The plaintiff, on the 10th day September, 1880, obtained of defendant $100, and at the same time executed to him a deed of the premises in controversy. The

defendant at the same time executed to the plaintiff an agreement in these words: "On or before the 10th day of March, I agree to sell to J. M. Wyllie the house and lot I bought from him to-day, for the consideration of one hundred and five dollars. Said J. M. Wyllie agrees to pay for any improvements that may be put on the house over and above the consideration. This agreement will expire and be void on the 10th day of March, 1881." Before the expiration of that time the plaintiff, through his wife, acting as his agent, tendered to the defendant the sum of $105 and demanded a deed, which he refused to give. The defendant had paid taxes and made improvements, and the parties failed to agree as to the value of the improvements. After March 10, 1881, the defendant took possession. He denies, for answer, that the plaintiff has made any such tender of money or offer to pay, as was necessary to entitle him to redeem. The court found that the transaction was a conditional sale; that to entitle the plaintiff to a deed of the property he should have tendered not only the $105, but the value of the improvements, which the court found to be $45.42; that the plaintiff failed to tender the value of the improvements; that the defendant, however, was in fault in not disclosing more accurately the amount of the improvements. The court accordingly decreed that the plaintiff have ninety days in which to pay the sum of $150.42, and that upon the payment of such sum the defendant should execute to him a deed of the property, and that each party should pay his own costs. The plaintiff appeals.

*J. S. Smith* and *Craig, Collier & Craig*, for appellant.

*Hagerman, McCrary & Hagerman*, for appellee.

ADAMS, J.—The plaintiff contends that the defendant should be treated as a mortgagee in possession, liable to account for the use of the premises; and he concedes that he is entitled, under the circumstance, to be allowed the reason-

able value of his improvements. He contends that if the account had been properly stated it would appear that he owed the defendant only $91.92, and that he should have been decreed to be entitled to a deed upon the payment of the amount tendered, and should have been allowed his costs. Whether the transaction was a mortgage we need not determine. The court below held that it was not. It refused to allow the plaintiff anything for the use of the premises, and we presume it was because it did not deem the transaction a mortgage. If we should think that the court erred in respect to the character of the transaction, we should still have to say that under the pleadings and evidence we do not think that the plaintiff was entitled to a better decree than he obtained. It was not necessary perhaps that he should tender, or even offer to pay, a specific sum for improvements. But he should at least have offered in a general way to pay the reasonable value of the improvements, and should have averred such offer in his petition. It is possible that he intended to make such averment, but we think not. The averment is that he "agreed to pay the reasonable value of the improvements." The fair import of this language is that he offered to obligate himself to pay for the improvements thereafter, and did not offer to pay at that time as a condition precedent to a right to a deed. We are strengthened in this view by the fact that the plaintiff, by his counsel, contends in his argument that payment for the improvements was not a condition precedent to a right to a deed, but only the payment of $105. But if we are mistaken in our construction of the petition, we have to say that we do not think that the evidence shows that the plaintiff made a proper offer to pay for the improvements. Whatever offer he made he made through his wife as his agent. And while there is evidence tending to show that she offered to pay the full reasonable value of the improvements, whatever it might be, yet it is shown very clearly that she was not furnished with money

enough to do it, and what is more, she expressly testified that her husband forbade her to pay more than $25. If she offered to pay the reasonable value, she made the offer without authority, for the reasonable value exceeded $25. The next day this action was commenced, no further offer in the meantime having been made. The plaintiff contends that the use of the premises was more than enough to pay for the improvements. But it was not until after the alleged offer that the defendant took possession. There was at that time no use of the premises to be off-set against improvements.

Under the pleadings and evidence we do not think that the plaintiff has any reason to complain of the decree.

AFFIRMED.